**PETTIBONE, Plaintiff, v. V. N. HOLDERMAN & SONS, INC., Defendants.**

Common Pleas Court, Franklin County.

No. 187377. Decided September 29, 1954.

Carl G. Nappi, for plaintiff.
Knepper, White, Richards, Miller & Roberts, for defendant.

## OPINION

By BARTLETT, J.

MOTION TO STRIKE FROM THE PETITION AND THE EXHIBIT ATTACHED THERETO, IS OVERRULED AS TO BOTH BRANCHES.

The petition in this case sets forth sufficient facts to constitute a cause of action.

The distinction between setting forth copies of the certain instrument as prescribed in §2309.32 R. C., and attaching copies to a pleading in conformity with §2309.31 R. C., is obvious and important. In the former case they become incorporated in the petition by an express reference; in the latter they are attached and filed, not as a part of any statement in the petition, but as evidence. 31 O. Jur. Pleading, Sec. 92, p. 647.

There is some controversy as to what is "a written instrument as evidence of indebtedness" within the meaning of §2309.31 R. C., requiring such instrument to be attached to and filed with a pleading, * * *. The provisions of §2309.32 R. C. are limited * * *; §2309.31 R. C., however,

includes all these and such other instruments of writing as show them to be mere evidence of indebtedness. Some courts have deemed §2309.31 R. C., to include all instruments on which an action for pecuniary relief is founded or which contain a promise, conditional or unconditional, to pay a fixed sum. Ibid. Sec. 93, p. 647.

The object of §2309.31 R. C., is to furnish the opposite party with a copy of the evidence of indebtedness sued upon, for inspection, to enable him to determine its nature and character and prepare his defense. Rouse v. Groninger, 2 O. Dec. Rep. 277.

In complying with §2309.31 R. C., requiring copies of instruments to be filed with the petition in certain actions, the proper way is to attach the contract to the pleading as an exhibit, and not attempt to make it a part of the petition. 31 O. Jur. Pleading, Sec. 94, p. 649. This is the better practice. Turner v. DeWitt, 4 C. C. (N. S.) 434. This method has been followed in the instant case.

What prejudice can there be to the defendant in attaching a copy of the contract but not making it a part thereof? The trial court will be absolutely free to handle it as the court deems proper; and it is no imposition upon the court to examine this brief four page contract.

Consequently the motion to strike certain words from the petition and the exhibit attached thereto is overruled. Entry accordingly with exceptions of counsel for defendant.